## WHITE v. CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County.   October, 1908.)

MUNICIPAL CORPORATIONS—TORTS—NUISANCES—LIABILITY.

> Under Buffalo City Charter, § 395, requiring the city to abate nuisances and Laws 1906, p. 1439, c. 527, § 1, declaring that the periodic overflow of the Buffalo river within the city and the flooding of adjacent lands is a public nuisance, and authorizing the city to abate the same, the city is liable for its refusal to abate a nuisance occasioned by the periodic overflow of the river and the flooding of adjacent lands, where it can abate the nuisance with reasonable cost, and where it has assented to the placing of obstructions in the bed of the river which increased the damages to adjacent owners arising from such nuisance.

Action by Emma K. White against the city of Buffalo.   Heard on demurrer to complaint.   Overruled, with leave to answer.

Carlton H. White, for plaintiff.

John W. Ryan, for defendant.

POUND, J.   Plaintiff alleges that she owns lands, described in the complaint, lying along and in the vicinity of Buffalo river and within the city of Buffalo; that said Buffalo river is a navigable stream, and a public highway; and that the city owns the fee of the bed of said river.   Plaintiff further alleges that the periodical overflow of said Buffalo river within said city, and the flooding of the lands bordering on and adjacent to the same, constitute a public nuisance; that it is the duty of said city to abate said nuisance; that it has full power to abate the same; that said nuisance can be abated at reasonable cost and expense; that the city has assented to the placing of obstructions in the bed of the said river, which increase the damage suffered by plaintiff, arising from said nuisance; that the city refuses to abate said nuisance, and has decided that it will not abate it.   Wherefore plaintiff demands judgment for $50,000 for damages resulting to her property.

Defendant demurs on the ground that said complaint does not state facts sufficient to constitute a cause of action, and relies upon the recent case of O'Donnell v. City of Syracuse, 184 N. Y. 1, 76 N. E. 738, 3 L. R. A. (N. S.) 1053, 112 Am. St. Rep. 558, to sustain its contention.   That was an action to recover damages occasioned by defendant's negligence.   It was held that no duty is imposed by common law upon a municipality to abate the natural and ordinary flooding of lands on the banks of a navigable stream, and that plaintiff could not recover against the city for damages resulting to her property upon allegations that the occurrence was chargeable to the neglect of the defendant to exercise its charter powers with respect to the proper care and maintenance of the channel of the stream.   Gray, J., writing the opinion, clearly distinguishes between discretionary powers of a municipality and those duties imposed upon it which are absolute in their nature.   He says:

"If the duty be judicial in its nature, as calling for the exercise of judgment, no liability rests upon the municipality for nonperformance; whereas,

if it be of a ministerial nature, neglect to perform it will render the municipality responsible to one injured thereby."

No absolute duty to prevent floods from injuring plaintiff's lands was alleged or proved, and it was held that no liability was cast upon the city for failure to exercise discretionary powers.

Plaintiff herein alleges a positive, absolute, and imperative duty to abate nuisances, imposed by law upon defendant by its charter, and that by chapter 527 of the Laws of 1906 the periodical overflow of said river and the flooding of said lands is declared to be a public nuisance; that the city is given full power to abate the same, and that it is practicable to do so; and that the city refuses to perform its duty in this regard. Unquestionably, the act of 1906 (Laws 1906, p. 1439, c. 527, § 1) gives defendant full power in the premises, at least within the exercise of its judgment. Said act also declares said condition to be a public nuisance. The city charter (section 395) provides that "the common council shall * * * abate all nuisances." While it does not follow that the corporate duty of defendant to abate said floods is in fact immediate and absolute, nor do I so hold, I am of the opinion that plaintiff states a cause of action within the rule of the O'Donnell Case, supra.

Demurrer overruled, with leave to defendant to answer.